# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 8577 | **DATE** | August 14, 2012 |
| **CASE TITLE** | *United Order of Bricklayers v. Johnson* | | |

**DOCKET ENTRY TEXT:**

Upon consideration of the magistrate judge's June 6, 2012 report and recommendation ("R&R"), his July 19, 2012 R&R, and the recently filed transcript of proceedings associated with the June 6, 2012 R&R, the court denies Merrie Johnson's motion to vacate the default judgment [18] and grants the Union's motion for entry of supplementary order for fees and costs [32] in full. Ms. Johnson shall pay the plaintiff $5,326.50 in additional attorneys' fees plus $57.50 in costs for a total award of $5,384.00. As this resolves the remaining issues in this case, the August 16, 2012, status hearing is stricken.

■[ For further details see text below.]

## STATEMENT

The court entered judgment against the corporate and individual defendants on March 13, 2012. On April 2, 2012, Merrie Johnson, the individual defendant, filed a motion to vacate. The court referred that motion to the magistrate judge for a report and recommendation, along with all other post-judgment proceedings. On June 6, 2012, the magistrate judge issued an R&R recommending that the motion to vacate be denied for the reasons stated on the record. The court ordered the plaintiff to provide a transcript. In the meantime, the plaintiff sought an award of supplemental fees and costs associated with the opposition to the motion to vacate. The magistrate judge entered a second R&R recommending that the motion be granted. On July 31, 2012, the plaintiff filed the transcript of proceedings associated with the first R&R. Although Ms. Johnson is represented by counsel, she has not filed objections to either R&R.

If a party does not file a timely objection to an R&R, the court need only satisfy itself that the R&R is not clearly erroneous on the face of the record in order to accept the magistrate judge's recommendation. *See Johnson v. Zema Sys. Corp.*, 170 F.3d 734, 739 (7th Cir. 1999) ("If no objection or only partial objection is made, the district court judge reviews those unobjected portions for clear error."); *Delgado v. Bowen,* 782 F.2d 79, 82 (7th Cir. 1986) (per curiam) (the district court may reject a magistrate judge's recommendation even when no objection is made); Fed. R. Civ. P. 72(b) Notes of Advisory Committee on Rules, 1983 Amendment ("the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation").
(continued)

| | Courtroom Deputy Initials: | TCP/c |
|---|---|---|

**STATEMENT**

With respect to the motion to vacate, the court agrees with the magistrate judge that Ms. Johnson's actions do not justify the requested relief. Ms. Johnson knew about this case and chose to act only after a default judgment was entered. The record shows that her daughter was served with the summons and complaint and threw these documents at the process server, and Ms. Johnson eventually conceded that service was proper. She received other filings and letters related to this case, including a motion for default judgment which she did not oppose. She did not present any argument to the magistrate judge showing that good cause justifies vacating the default judgment. Instead, she asserted – without supporting authority – that she was unaware of the contents of the complaint even though she had been served with it and thus should not be held responsible for her failure to defend. Because she did not object to the R&R, she has failed to point to any support for her position. The court finds that, as noted by the magistrate judge, Ms. Johnson "has shown no cause, much less good cause, for ignoring the complaint." Dkt. 39 at 7. Ms. Johnson's actions throughout have been unjustified and her present request for relief is unsupported as well as too little, too late. Accordingly, the court accepts the R&R and denies the motion to vacate.

The court next turns to the second R&R, which recommends that the plaintiff receive an award of $5,384.00 in additional attorneys' fees and costs. As with the first R&R, Ms. Johnson did not file an objection. The R&R outlines Ms. Johnson's efforts to avoid the default judgment. Following entry of that judgment, Ms. Johnson asserted that she had not been served. After the plaintiff provided evidence regarding service and requested an evidentiary hearing, Ms. Johnson changed tacks and admitted she had been served but asserted that she was unaware of the contents of the complaint until after the entry of the default judgment. The plaintiff was forced to litigate the issue and incur costs in connection with its efforts to interact with Ms. Johnson. In connection with the default judgment, this court previously found that the plaintiff was entitled to reasonable costs and fees. The court accepts the magistrate judge's R&R regarding additional costs and fees as it is eminently sensible. The time spent by plaintiff's counsel was incurred due to Ms. Johnson's actions. Ms. Johnson has not opposed counsel's time which (as modestly cut back by the magistrate judge) is reasonable and well supported by the record. The court also accepts counsel's uncontested hourly rate. Accordingly, the motion for supplemental fees and costs is granted. Ms. Johnson shall pay the plaintiff $5,326.50 in additional attorneys' fees plus $57.50 in costs for a total award of $5,384.00.